**Chandraker Persaud SUKHDEO,**
**Petitioner,**

v.

**Eric H. HOLDER, Jr., United States**
**Attorney General, Respondent.**

**No. 13–557–ag.**

United States Court of Appeals,
Second Circuit.

March 13, 2014.

Peter E. Torres, Esq., New York, NY, for petitioner.

Stuart F. Delery, Assistant Attorney General; Terri J. Scadron, Assistant Di-

rector; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for respondent.

PRESENT: REENA RAGGI, GERARD E. LYNCH, and DENNY CHIN, Circuit Judges.

## SUMMARY ORDER

Chandraker Persaud Sukhdeo, a native and citizen of Guyana, seeks review of the BIA's February 4, 2013 decision affirming an Immigration Judge's order of removal and denial of a waiver of inadmissibility. *See In re Chandraker Persaud Sukhdeo*, No. A035 392 178 (B.I.A. Feb. 4, 2013), *aff'g* No. A035 392 178 (Immig.Ct.Napanoch, N.Y. Aug. 17, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Sukhdeo challenges the agency's use of the categorical approach to determine that his convictions under New York Penal Law ("NYPL") § 265.03(1)(b) for possession of a weapon constitute "aggravated felon[ies]," which rendered him removable and statutorily ineligible for a waiver under 8 U.S.C. § 1182(h). We have jurisdiction over this question of law, which we review *de novo. See* 8 U.S.C. § 1252(a)(2)(D); *Santana v. Holder*, 714 F.3d 140, 143 (2d Cir.2013).

We have held previously that NYPL § 265.03(1)(b) is categorically a "crime of violence" under 18 U.S.C. § 16, and, thus, an "aggravated felony," 8 U.S.C. § 1101(a)(43)(F) (defining "aggravated felony" to include "crime of violence (as defined in section 16 of Title 18 ... ) for which the term of punishment [is] at least one year"), because "possession of a loaded firearm with the intent to use it unlawfully against another person plainly 'involves a substantial risk that physical force against the person or property of another may be

used,'" *Brooks v. Holder*, 621 F.3d 88, 91 (2d Cir.2010) (quoting 18 U.S.C. § 16(b)). Accordingly, because Sukhdeo was twice convicted of violating NYPL § 265.03(1)(b), an aggravated felony, the BIA correctly determined that he is removable, *see* 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that alien "convicted of an aggravated felony at any time after admission is deportable"), and ineligible for a waiver, *see* 8 U.S.C. § 1182(h) (precluding waiver for lawful permanent resident convicted of "aggravated felony" after admission).

We have considered Sukhdeo's remaining arguments and consider them to be without merit. For the foregoing reasons, the petition for review is DENIED.